## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NATALIE DENISE CLIETT,
               Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,
               Agency.

DOCKET NUMBER
AT-0752-16-0128-I-1

DATE: December 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Natalie Denise Cliett</u>, Fort Valley, Georgia, pro se.

<u>Gregory Lloyd</u>, Esquire, Robins Air Force Base, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to discuss and dismiss the appellant's assertions of a potential constructive adverse action, we AFFIRM the initial decision.

## BACKGROUND

¶2        The agency removed the appellant, an Electronics Mechanic at Robins Air Force Base, Georgia, based on two charges, unauthorized absence from June 15 to July 20, 2015, and failure to properly request leave for that time period. Initial Appeal File (IAF), Tab 5 at 17-21, 98-100. In her appeal, the appellant claimed that she requested leave without pay (LWOP) based on her repeated assertions that she was not safe in the office and further asserted that the agency "never addressed the issues making it unsafe at work" in denying her request. IAF, Tab 1 at 5. She did not request a hearing. *Id.* at 2.

¶3        The agency responded in support of its action, noting that the appellant failed to provide any specific information regarding her expressed concerns for her personal safety. IAF, Tab 5. In her response to the agency's statement, the appellant reiterated the information she gave the agency about the threat to her safety and explained that in May and June 2015, she was trying to have 15 days of leave that she had taken in March of that year changed to leave under the Family and Medical Leave Act of 1993 (FMLA). IAF, Tab 6 at 4-8. She explained that an agency official "led me to believe that I could change leave I

took during my mother's illness[2] to FMLA, so I would have some LWOP." *Id.* at 7. She again claimed that the agency ignored her contentions that she was not safe at work. *Id.* at 8.

¶4     In her initial decision, the administrative judge found that the agency proved its charges because the record reflected both that the appellant failed to request leave in accordance with agency procedures and the agency properly denied her request for LWOP. IAF, Tab 1, Initial Decision (ID) at 6-8. The administrative judge further found that the appellant failed to prove her affirmative defenses of hostile work environment and procedural error because the vague and unsubstantiated assertions she made about not being safe at work precluded the agency from investigating her claims and the appellant identified no regulation or procedure that required the agency to do such an investigation before effecting her removal. ID at 8-9. The administrative judge reiterated her earlier determination, to which neither party objected, that because unauthorized absences like the one here disrupt the efficiency of the service by their very nature, nexus is present in this matter. ID at 9-10; IAF, Tab 10. The administrative judge also determined that the agency properly weighed the relevant *Douglas* factors, such as the mitigating effect of the appellant's 10 years of satisfactory performance, and that the penalty of removal did not exceed the limits of reasonableness under the circumstances. ID at 10-11.

¶5     In her petition for review, the appellant claims that the agency and the union have engaged in a "well organized type of harassment" against her. Petition for Review (PFR) File, Tab 1 at 4, 7-10. She argues that the harassment, which she states "was based on Dates and numbers; speaking often about negative things, like sickness, around me; and on music and famous singers" was difficult to detect. *Id.* at 5. She disputes her referral to the agency's Employee Assistance Program as "inaccurate and wrong" and describes the agency's request for her to

---

[2] The appellant asserts in her petition for review that her mother passed away on March 25, 2015. Petition for Review File, Tab 1 at 6.

submit an FMLA package in support of her request as yet another form of harassment. *Id.* at 6-8. Lastly, she corrects several alleged factual errors in the initial decision. *Id.* at 11. The agency responds in opposition to the appellant's petition for review and the appellant provides a reply to the agency's response. PFR File, Tabs 3-4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6      To prove a charge of unauthorized absence, the agency must show by preponderant evidence that the employee was absent, and that her absence was unauthorized or that her request for leave was properly denied. *Wesley v. U.S. Postal Service,* 94 M.S.P.R. 277, ¶ 14 (2003). It is undisputed that the appellant was absent on all the dates for which she was charged, and that the agency did not authorize those absences. IAF, Tab 10; ID at 9. However, when an employee has requested leave to cover her absences, such a charge will be sustained only if the agency establishes that her requests were properly denied. *Ferguson v. Department of the Navy*, 43 M.S.P.R. 143, 144 (1990). Moreover, if the employee requested LWOP for the periods when she was placed in an absent without leave status, the Board will examine the record as a whole to determine if the denial of LWOP was reasonable under the circumstances. *E.g.*, *Joyner v. Department of the Navy*, 57 M.S.P.R. 154, 159 (1993).

¶7      Thus, we must determine whether the administrative judge correctly found that the agency's denial of LWOP was reasonable under the circumstances. ID at 7; *e.g.*, *Joyner*, 57 M.S.P.R. at 159. Agency policy provides that LWOP requests made for reasons other than those set forth in its LWOP policy "should be granted only when it is apparent that it will result in increased job ability, protection or improvement in the employee's health, or retention of a desirable employee." ID at 4; IAF, Tab 3, Subtab 7 at 3-4. The appellant's stated reasons for requesting LWOP, as set forth in her July 30, 2015 email, are too vague to meet even those relatively broad factors. IAF, Tab 3, Subtab 1 at 17-19. The

appellant essentially claims that the Government has organized her coworkers to do things that might normally happen in an office and a parking lot, like walking or driving past her, to startle her and cause an accident.[3] *Id.* As the administrative judge noted, however, the evidence indicates that the agency attempted to investigate the appellant's claims, but the information she provided was too vague and unspecific such that it could not substantiate her allegations. ID at 9; IAF, Tab 5 at 112. The appellant's correspondence with her union also indicates that it was unable to investigate the appellant's claims, and that it had determined that her written claims did not reflect that she was in danger. IAF, Tab 11 at 58. We agree.

¶8        An agency bears the burden of proving that, in taking a leave-related disciplinary action, it properly denied an eligible employee leave under the FMLA. *Burge v. Department of the Air Force*, 82 M.S.P.R. 75, 84, ¶ 13 (1999). Furthermore, an employee who informs the agency that she will be absent and states a reason that might justify granting leave need not actually verbalize that she was requesting FMLA leave. *E.g.*, *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 76 (1997). As noted above, the appellant asserted that she wished to convert leave she already had taken to FMLA leave. IAF Tab 6 at 7. However, an employee may not retroactively invoke her entitlement to family and medical leave. 5 C.F.R. § 630.1203(b). Moreover, there is nothing in the record to indicate that the appellant informed the agency that she would be absent for a reason that might qualify for FMLA leave before the time that her mother passed away, and although the death of a family member is traumatic, it is not a statutory or regulatory reason for invoking the provisions of the FMLA. *Young v. U.S. Postal Service*, 79 M.S.P.R. 25, 38 (1998). The appellant filed her only request for FMLA leave on June 1, 2015, after her mother died, and she subsequently told

---

[3] The appellant asserted in a December 2, 2013 letter to Amnesty International that the agency was conducting a psychological experiment on Robins Air Force Base. IAF, Tab 11 at 72.

the agency that she "personally did not need FMLA [leave] for any type of medical treatment." IAF, Tab 5 at 55, 91. Because it was therefore too late for the appellant to invoke the FMLA regarding her mother's illness and she specifically eschewed FMLA leave based on her own health concerns, we find that the agency properly denied the appellant's FMLA leave request.

¶9    Finally, although the appellant never argued that the agency constructively suspended or constructively removed her, and the administrative judge did not provide her with notice on how to establish such a claim, the agency observed in its supplementary statement at the close of the record that, for her to argue that such an action occurred based on her contentions of intolerable working conditions, she must demonstrate that the agency made those working conditions so difficult that a reasonable person in her position would not have come to work. IAF, Tab 12 at 5; *E.g.*, *Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996); *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519-20 (1995). While an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue, an administrative judge's failure to provide such notice may be cured if, as here, the agency's pleadings contain the notice that was lacking in either the orders or the initial decision issued in the appeal. *Id.*; *see, e.g.*, *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643‑44 (Fed. Cir. 1985); *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007). An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an allegedly involuntary resignation or retirement only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess*, 758 F.2d at 643. Whether allegations are nonfrivolous is determined based on the written record. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶10    The Board has explained that, although various fact patterns may give rise to an appealable constructive removal or suspension, all such claims are premised on the proposition that an absence that appears to be voluntary actually is not.

*Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 12 (2016); *Rosario‑Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 8 (2015), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016). To demonstrate that an absence from work was not voluntary, and is instead an actionable constructive suspension, an appellant must show that: (1) she lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived her of that choice. *Id.*; *Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 8 (2014); *see Moore v. U.S. Postal Service*, 117 M.S.P.R. 84, ¶ 11 (2011) (stating that an appellant is entitled to a jurisdictional hearing in a constructive suspension appeal based upon intolerable working conditions when she makes nonfrivolous allegations that her working conditions were so intolerable that a reasonable person in her position would have been compelled to absent herself from the workplace). Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things is sufficient to establish Board jurisdiction. *Rosario-Fabregas*, 122 M.S.P.R. 468, ¶ 8; *Romero*, 121 M.S.P.R. 606, ¶¶ 8-9. Our reviewing court has specifically stated that the jurisdictional analysis set forth above is appropriate. *Rosario-Fabregas*, 833 F.3d at 1346-47.

¶11    It is well settled that, in a constructive adverse action appeal, if an appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by preponderant evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc) (holding that, in a constructive adverse action appeal, "[a] denial of a request for a [jurisdictional] hearing would be proper where the claimant has failed to make allegations that, if proven, could satisfy one or more of the elements necessary to establish Board jurisdiction"). As noted above, the appellant did not request a hearing, IAF, Tab 1 at 2, and we agree with the administrative judge that the appellant's vague, unsubstantiated claims, which are set forth in the initial decision, ID at 5, 8-9 & n.6, do not state a legally cognizable claim that the agency wrongfully caused her absence or acted in a way

that deprived the appellant of a meaningful choice in the matter. Thus, we find that the appellant failed to make a nonfrivolous allegation that the agency took a constructive adverse action against her.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.